UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:                                                                    Bankruptcy No. 09-30707
                                                                          Chapter 13
Bradley J. Duttenhefer,

                Debtor.
_____/

**MEMORANDUM AND ORDER**

      Before the Court is a Motion for Contempt Sanctions for Violation of the Automatic Stay filed by Debtor Bradley J. Duttenhefer on July 7, 2009. Debtor filed a brief in support of the motion requesting the Court to grant the motion and award legal fees of $3,037.50 and punitive damages of $9,112.50 on July 27, 2009. Creditor Kandie Lindemann filed a response resisting the motion on July 30, 2009. On the same day, Debtor filed a reply to Lindemann's response. The Court held a hearing on July 30, 2009, at the end of which the Court encouraged the parties to resolve the matter prior to the issuance of a written order by the Court. Neither party offered any testimony or documentary evidence at the hearing.

      Debtor filed an Amended Motion for Violation of the Automatic Stay on August 5, 2009. The amended motion is substantively duplicative of the initial motion. The only difference between them is the wording of the caption of the motion.[1] Debtor also filed an amended brief in support of the amended motion on August 5, 2009. The amended brief mirrors the original brief except that

---

[1] At the hearing on the matter, the Court brought to the parties' attention James v. Planters Bank (In re James), 257 B.R. 673 (B.A.P. 8th Cir.), in which the Bankruptcy Appellate Panel stated that contempt is an inappropriate remedy for an alleged stay violation because the stay is a statutory provision and not a court order.

the amended brief requests an award of all costs, expenses and attorney's fees incurred by Debtor, $100 per day until the violation ceases, and the arrest warrant for Debtor quashed. Lindemann filed a response to the amended motion on September 2, 2009.

FACTUAL BACKGROUND[2]

The parties were divorced on January 2, 2009. Pursuant to the divorce decree, Lindemann has custody of the couple's three minor children, and Debtor is obligated to pay child support in the amount of $1,029 per month. Debtor is subject to income withholding pursuant to N.D.C.C. § 14-09-09.24. The divorce decree also orders the parties to equally divide all uncovered medical expenses. The parties agreed to split a business debt, and Debtor is responsible for a total of $35,547.48, plus interest, of that debt. Debtor is also obligated to pay $300 per month in spousal support to Lindemann and $1,000 of Lindemann's attorney fees.

On June 12, 2009, the state court entered an order on contempt finding that Debtor was in contempt of the divorce decree for failing to make required payments to the business creditors and for failing to reimburse Lindemann for his share of the children's medical expenses. The order required Debtor to make arrangements with his employer for a wage assignment to have $300 automatically deducted from his wages and paid directly to Lindemann for reimbursement to Union Bank ($200/month) and Lewis and Clark Regional Development Council ($100/month) until his share of the debt to those two creditors is paid in full. The order gave Debtor until June 19, 2009, to provide proof of the wage assignment to Lindemann's attorney. Debtor was also ordered to pay

---

[2] The facts that follow are gleaned from the exhibits attached to the pleadings. Although most of these facts are not in dispute, they are provided here only to frame the dispute between the parties and do not constitute findings of fact.

2

his portion of the children's medical expenses by June 19, 2009. Lindemann was obligated to notify all of the children's medical providers by June 12, 2009, to allow access to the children's medical billing statements to Debtor. She was also obligated to provide Debtor with a current statement for each of the outstanding medical bills owing at the time prior to June 12, 2009. The order stated that if Debtor failed to comply with the terms of the order, Lindemann or the creditors should remit an affidavit to the court regarding noncompliance and Debtor would be sentenced to 30 days in jail. The order also required Debtor to pay $500 toward Lindemann's attorney's fees as a result of his contempt.

Debtor filed for bankruptcy relief under Chapter 7 of the Bankruptcy Code on June 17, 2009.[3]

On June 22, 2009, Lindemann submitted an affidavit to the state court with regard to Debtor's noncompliance with the state court's June 12, 2009 order. Specifically, Lindemann stated that Debtor had not provided evidence that a wage assignment was in place to have $300 automatically deducted from his wages and paid directly to her. Lindemann also stated that Debtor had not remitted payment to her for his portion of the children's medical expenses.[4] The affidavit acknowledges that Lindemann's attorney was notified of Debtor's bankruptcy filing on June 17, 2009.

---

[3] The case was subsequently converted to Chapter 13.

[4] In her response to Debtor's motion, Lindemann acknowledges that Debtor has since paid Lindemann for his portion of the children's medical expenses.

3

On June 26, 2009, a warrant was issued for Debtor's arrest. The arrest warrant remains in place, resulting in Debtor's inability to see his children.

On July 7, 2009, Debtor filed the motion for contempt sanctions for violation of the automatic stay presently before the Court.

## DISCUSSION

The briefs in support of the motion and the amended motion both state that Debtor is proceeding pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure. Rule 9011(c) specifies that a court may impose sanctions for various violations of subsection (b) of Rule 9011. These include, for example, filing pleadings or motions for an improper purpose such as harassment, making legal claims unwarranted by existing law, or alleging facts without evidentiary support. See Fed. R. Bankr. P. 9011(b) and (c).

Rule 9011 is not applicable in this case. Prior to Debtor's motion, Lindemann had not filed anything in the bankruptcy case, and Lindemann's representations to the state court cannot be the basis for a Rule 9011 motion in this case. Contrary to Lindemann's assertion, however, this is not a flaw that requires dismissal of the motion.

Debtor's motion and amended motion both cite the violation of the automatic stay provided for by 11 U.S.C. § 362 as the basis for the motion. This matter is a core proceeding because it seeks damages for a violation of the automatic stay, see 28 U.S.C. § 157(b)(2)(G), and the Court has jurisdiction to both hear and decide the case. See 28 U.S.C. § 157(b)(1).

The moving party bears the burden of proof in an action for the violation of the automatic stay and must prove the violation by a preponderance of the evidence. In re Sullivan, 357 B.R. 847,

4

854 (Bankr. D. Colo. 2006); Westman v. Andersohn (In re Westman), 300 B.R. 338 (Bankr. D. Minn. 2003). To prevail on a claim for violation of the stay, Debtor must establish that: (1) a violation occurred; (2) the violation was committed willfully, (3) the violation caused actual damages. See In re Westman, 300 B.R. at 342 (citing Lovett v. Honeywell, Inc., 930 F.2d 625, 628 (8th Cir. 1991); Adams v. Hartconn Assocs., Inc. (In re Adams), 212 B.R. 703, 708 (Bankr. D. Mass. 1997)).

No testimony or documentary evidence was offered or admitted at the hearing on this matter. Although the exhibits attached to the pleadings suggest that Lindemann may indeed have violated the automatic stay and that the debt may not fall under one of the exceptions delineated in section362(b), it is well settled that pleadings are not evidence. See In re M.A.S. Realty Corp., 326 B.R. 31, 39 (Bankr. D. Mass. 2005); In re Blair, 196 B.R. 477, 478 (Bankr. E.D. Ark. 1996). The Court cannot and will not grant relief without an adequate evidentiary record that the automatic stay was violated, and Debtor has failed to meet the burden of proof.

The automatic stay is at the very heart of the protections that are extended to debtors when they filed for bankruptcy, and violations of the automatic stay are not to be regarded lightly. If the stay is violated, "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k). Debtor had his opportunity to be heard and to present evidence as to this alleged violation, and he will not be allowed another proverbial bite at the apple. The Court will, however, consider allegations of any other violation if appropriate, but any such alleged violation must be proved by a preponderance of the evidence.

The Court has considered all other arguments and deems them to be without merit.

Accordingly, Debtor Bradley J. Duttenhefer's Amended Motion for Violation of the Automatic Stay is DENIED. The parties shall bear their own costs and fees.

**SO ORDERED.**

Dated this September 3, 2009.

**WILLIAM A. HILL, JUDGE**
**U.S. BANKRUPTCY COURT**